Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION RESORTS, INC.,<br><br>Defendant. | Case No. 5:15-cv-01103-JGB-DTB<br>**Joint Rule 26(f) Report**<br>**Hon. Jesus G. Bernal**<br>**Date:  October 05, 2015**<br>**Time:  11:00 A.M.**<br>**Courtroom  1** |

Plaintiff BARRY Gray ("Plaintiff") and Defendant Wyndham Vacation Resorts, Inc. ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

///

///

(a) Statement of the Case

**Plaintiff**: Beginning in or around 2015, Defendant contacted Plaintiff on his cellular telephone, (909) 456-1036, in an attempt to collect an alleged outstanding debt owed by his wife. Defendant placed multiple calls in a single day to Plaintiff's cellular telephone seeking to collect the alleged debt owed by his wife. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed by his wife. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

Plaintiff does not owe the alleged debt Defendant is calling him about and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

Plaintiff often answered Defendant's phone calls and repeatedly informed Defendant for months to stop calling.

Despite this, Defendant continued to call Plaintiff multiple times and even told Plaintiff that Defendant would not stop calling.

For these reasons, even if Defendant had consent at sometime, Plaintiff revoked this consent and so Defendant never had Plaintiff's prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

Plaintiff alleges that such action on the part of Defendant is systemic and widespread, and asserts his claims on behalf of a proposed class of similarly-situated putative class members.

**Defendant**

Defendant denies that Plaintiff has any grounds to bring this action against Defendant, either individually or on behalf of any purported class.  Defendant further denies that it called the 909 number listed in the Complaint, and believes that the allegations reflect a typographical error.  Defendant did call a 949 number with the same final digits, provided to Defendant by Plaintiff's wife, Kimberly Monge, when she entered into a written contract with Defendant for the purchase of a timeshare interest at a Wyndham property.   In connection with this transaction, she described the telephone number as her home phone number.

When Ms. Monge later fell behind on her account payments, Defendant contacted her at the phone number she provided in an effort to collect the debt owed.  Defendant's calls were therefore placed consistent with Ms. Monge's prior consent, either express or implied, to be so contacted, and Ms. Monge regularly answered Defendant's phone calls placed to the number she provided.  To date, Ms. Monge has not revoked her prior consent, whether orally or in writing.

Among other defenses, Defendant alleges that Plaintiff lacks standing to bring this action, either individually or on behalf of any purported class.  Furthermore, to the extent Plaintiff now claims the telephone number was his own, he failed to advise Defendant of this fact, despite knowing that Defendant had received the number from Ms. Monge for use in connection with the timeshare interest and payment arrangements she obtained from Defendant.  In addition, Ms. Monge periodically requested that Plaintiff answer the calls and/or intervene in her calls in order to discuss with Defendant the amounts she had failed to pay.  Finally, Defendant alleges that this action may not be maintained as

a class action because, among other reasons, (a) Plaintiff is not an adequate class representative and cannot fairly and adequately protect the interests of the purported class; (b) individual issues of law or fact predominate over any common questions; (c) a class action is not a superior method for the fair and efficient adjudication of the controversy; (d) none of the other requirements of maintaining this action as a class action have been met; (e) the asserted class is not ascertainable; and (f) the asserted class includes members who have suffered no injury.  Further, any adjudication of Plaintiff's claims and those of the alleged members of the putative class through purported "generalized class-wide proof" would violate WVR's due process rights.

(b) Statement of Subject Matter Jurisdiction

This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331.

(c) Legal issues

**Plaintiff**: Plaintiff asserts that no triable issues of material fact exist with regard to Defendant's violation of the TCPA.

**Defendant**:  Defendant contends that the following legal issues are likely to be dispositive in this case:  (1) whether and to what extent Plaintiff may revoke the prior consent granted by his wife, Ms. Monge, to the alleged telephone calls; and (2) whether and to what extent any purported revocation was actually or properly communicated to Defendant.


(d) Parties, Evidence, etc.

**Plaintiff**:

*Witnesses*: Plaintiff identifies himself and Defendant's Person Most Knowledgeable regarding the equipment used to place calls to Plaintiff and

putative class members, as well as Defendant's policies and procedures regarding outbound calls made to Plaintiff and putative class members.

*Documents*:

Documentation regarding the alleged autodialer/text campaign conducted by Defendant;

Documentation regarding Defendant's outbound dial list generated by any predictive dialer or ATDS to cell phones;

Documentation regarding cellular phone numbers that have provided prior express consent to receive text messages from Defendant; and,

Documentation regarding the usage of Defendant's ATDS;

**Defendant**:

*Witnesses*:  Defendant identifies Plaintiff, Plaintiff's wife Kimberly Monge, and any third parties who may have answered calls placed to the telephone number provided to Defendant by Ms. Monge.

*Documents*:  Defendant identifies the contract document(s) evidencing Ms. Monge's identification of the subject telephone number as her home phone number.  Defendant further identifies any call notes or logs of calls made with respect to the telephone number provided to Defendant by Ms. Monge. Defendant will seek production of any records demonstrating ownership by Plaintiff of the telephone number provided to Defendant by Ms. Monge.

*Corporate Parties*:  Defendant is a wholly-owned subsidiary of Wyndham Vacation Ownership, Inc.  Wyndham Vacation Ownership, Inc. is a wholly-owned subsidiary of Wyndham Worldwide Corporation, a publicly-traded company.

(e) Damages

**Plaintiff:**  Pursuant to 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), and for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

**Defendant:** Defendant denies that Plaintiff is entitled to any damages.

(f) Insurance

Neither party is aware of any insurance policy that would be applicable to this matter at this time.

(g) Motions

**Plaintiff**: At this time, it is possible that Plaintiff will file a motion to add other parties if a third-party dialing company is identified during the discovery process.  Plaintiff also contemplates filing a motion for class certification, at the appropriate time, and after Plaintiff has had a reasonable opportunity to conduct discovery.  Plaintiff anticipates filing his motion seeking class certification in November 21, 2016.

**Defendant**:   Other than a motion for the entry of a protective order in this matter (which Defendant expects will be brought pursuant to stipulation), Defendant does not anticipate filing any motions other than a motion for summary judgment or other dispositive motion, not including pre-trial motions.

(h) Manual For Complex Litigation:

**Plaintiff:** Plaintiff does not believe that the manual for complex litigation needs to be utilized here.

**Defendant**:  Defendant believes that the Manual's provisions for bifurcated discovery will be appropriate in this matter.  Specifically, Defendant proposes that discovery be bifurcated, with initial discovery regarding the merits of Plaintiff's individual claim, and with class-related discovery to follow if the claim

survives an early dispositive motion.  Defendant further proposes that class-related merits discovery occur only if a class is certified.

(i) Status of Discovery:

Discovery has not yet been initiated by either party.  The Parties anticipate exchanging initial disclosures based on the timing set forth in Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.  Plaintiff plans to serve written discovery in advance of the Scheduling Conference.

(j) Discovery Plan

**Plaintiff**: Plaintiff will be seeking the following categories of documents in discovery. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiffs and depending on how Defendant maintains their data:

1. Documentation regarding the alleged autodialer/text campaign conducted by Defendant;
2. Documentation regarding Defendant's outbound dial list generated by any predictive dialer or ATDS to cell phones;
3. Documentation regarding cellular phone numbers that have provided prior express consent to receive text messages from Defendant; and,
4. Documentation regarding the usage of Defendant's ATDS;

Plaintiff intends to depose Defendant's representatives pursuant to Rule 30(b)(6), the equipment used to place calls to Plaintiff and putative class members, as well as Defendant's policies and procedures regarding outbound calls made to Plaintiff and putative class members.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.  Bifurcation of discovery as between class certification and merits discovery is not appropriate in this case.

Plaintiff respectfully submits that bifurcation of discovery is problematic, results in unnecessary discovery disputes, places too much discretionary power in the responding party, unnecessarily duplicates the discovery process, and results in needless expense.  See *In re Plastics Additives Antitrust Litig*., 2004-2 Trade Case (CCH) P74, 620, 2004 U.S. Dist. LEXIS 23989, at *8-*11 (E.D. Pa, 2004) ("bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery'").

While this issue of bifurcation is a matter of the Court's discretion, the most recent Advisory Committee's Notes to F.R.C.P. Rule 23(c) specifically found that "it is appropriate to conduct controlled discovery into the 'merits' . . . without forcing an artificial and ultimately wasteful distinction between 'certification discovery' and 'merits discovery.'"

Under the circumstances of this case, the Court would be required to resolve

In short, there are no compelling reasons to stay merits discovery and create an artificial division between class and merits discovery where the factual and legal issues overlap to a significant degree.

**Defendant**:    Defendant anticipates conducting discovery regarding  the consent given to Defendant by Ms. Monge to make calls to the telephone number she herself provided to Defendant, and any purported revocation of such consent. Defendant does not believe at this time that any changes in the disclosures under Rule 26(a) will be required.

Defendant proposes that discovery be bifurcated, with initial discovery regarding the merits of Plaintiff's individual claim, and with class-related discovery to follow if the claim survives an early dispositive motion.  Defendant further proposes that class-related merits discovery occur only if a class is certified.   Bifurcating discovery in this way will promote efficiency and avoid the unnecessary waste of resources by the Court and the parties.

(k) Discovery Cut-Off:

**Plaintiff:** January 21, 2017

**Defendant:**  January 23, 2017.


(l) Expert Discovery

**Plaintiff:** October 21, 2016

**Defendant:**  October 24, 2016.


(m) Dispositive Motions

**Plaintiff:** At this time, Plaintiff does not anticipate filing any dispositive motions; however, depending on the information which comes to light during the discovery process, it is possible that Plaintiff will file a technology-based motion for summary judgment on the question of whether Defendant's dialer equipment constitutes an ATDS, as defined by 47 U.S.C. § 227(a)(1).

**Defendant:**    Defendant anticipates filing a motion for summary judgment or other dispositive motion on the issues pertaining to consent, and the lack of revocation thereof, to the telephone calls alleged..


(n) Settlement/ADR

The Parties are agreeable to private mediation.

///
///
///
///
///
///

-9-
**Joint Rule 26(f) Report**

(o) Trial estimate

**Plaintiff**: Plaintiff estimates a 3-4 day jury trial with three witnesses to be called by Plaintiff.  Plaintiff's witness list will most likely grow after individuals are identified during the course of discovery.

**Defendant**: Defendant agrees with Plaintiff's trial estimate, although it should be noted that Defendant does not seek a jury trial.


(p) Trial Counsel

**Plaintiff:** Todd M. Friedman, Abbas Kazerounian and Josh Swigart.

**Defendant:**  Sarah D. Youngblood and Lance C. Cidre.

(q) Independent Expert or Master

The Parties do not believe that this case requires an independent expert or master.


(r) Timetable

Presumptive schedule of Pretrial Dates

| Matter | Plaintiffs' Request | Defendant's Request | Court Order |
|---|---|---|---|
| Trial | Jury Trial: 3-21-17; Estimated 3-4 days | Court Trial; 3/21/17, estimated 3-4 days | |
| Final Pretrial Conference | 3-6-17 | 3/6/17 | |
| Last Day To Conduct Settlement Conf., L.R. 16−15 | 2-6-17 | 2/6/17 | |

| Matter | Plaintiffs' Request | Defendant's Request | Court Order |
|---|---|---|---|
| Last Day for Hearing Motions | 2-1-17 | 2/6/17 | |
| Discovery Cutoff | 1-21-17 | 1/23/17 | |
| Class Certification Hearing | 1-16-17 | 10/4/16 | |
| Reply in Support of Class Certification Due | 12-28-16 | 8/1/16 | |
| Opposition to Class Certification Due | 12-14-16 | 7/1/16 | |
| Class Certification Filing Deadline | 11-21-16 | 6/1/16 | |
| Expert Disclosure Rebuttal | 9-21-16 | 6/1/16 | |
| Expert Disclosure (Initial) | 8-21-16 | 4/1/16 | |
| Last Date to Add Parties/Amend Pleadings | 2-21-16 | 2/22/16 | |

///

///

Dated: September 21, 2015          **Law Offices of Todd M. Friedman, P.C.**

By: /s/ Todd M. Friedman
        Todd M. Friedman, Esq.

Attorneys for Plaintiff

Dated**:** September 21, 2015          **Schiff Hardin, LLP**

By: /s/ Lance C. Cidre
                    Lance C. Cidre, Esq.
                    Attorneys for Defendant

Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Lance Cidre, counsel for Defendant and that I have obtained Mr. Cidre's authorization to affix his electronic signature to this document.

Dated**:** September 21, 2015          **Law Offices of Todd M. Friedman, P.C.**

By:  /s/ Todd M. Friedman_____
                    Todd M. Friedman, Esq.
                    Attorneys for Plaintiff